UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYMOND SIZEMORE,

       Plaintiff,

       v.

CITY OF DALLAS, a municipality,
DALLAS POLICE DEPARTMENT, and
CHIEF JAMES HARPER, SERGEANT
JOHN WALLACE, and LIEUTENANT
TOM SIMPSON, individually and in their
official capacity,

       Defendants.
_____

Civil No. 04-1114 AS

AMENDED OPINION AND
ORDER

HAGGERTY, Chief Judge:

      In a Findings and Recommendation dated May 22, 2006, Magistrate Judge Ashmanskas

recommended granting in part a Motion for Summary Judgment filed by the City of Dallas

1  -  OPINION AND ORDER

(City), the Dallas Police Department (Department), Chief James Harper (Harper), and Lieutenant Tom Simpson (Simpson). The Findings and Recommendation concludes that the Motion should be granted, with the exception of plaintiff's claim for retaliation against the City and Harper and punitive damages on that claim. The Findings and Recommendation also recommended granting a Motion for Summary Judgment filed by Sergeant John Wallace (Wallace). Plaintiff and defendants filed objections to the Findings and Recommendation.

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Both plaintiff's and defendants' objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, and the entire record. For the reasons below, the court sustains plaintiffs' objections in part and denies defendants' objections.

## ANALYSIS

The Magistrate Judge's presentation of the facts and issues in this matter is comprehensive and the relevant facts need be recited only briefly. Plaintiff is a former police officer for the City. Plaintiff brings claims under state law, 42 U.S.C. §§ 1981 & 1983, and 42 U.S.C. § 2000e, *et. seq.* (Title VII), for racial harassment, racial discrimination, retaliation, violations of the First Amendment, violations of Equal Protection, intentional infliction of emotional distress, and punitive damages. The Findings and Recommendation concluded that summary judgment should be granted against plaintiff's claims of discrimination, First

Amendment retaliation, constructive discharge, intentional infliction of emotional distress, and

the retaliation claim against defendant Wallace.  The Findings and Recommendation preserved

for trial plaintiff's claim of retaliation against the City and Harper, and plaintiff's punitive

damages claim against Harper.

Defendants' Objections

The City and Harper object to the recommendation that plaintiff be allowed to proceed on

his claim of racial discrimination for retaliatory acts against them.  Defendants Harper and the

City argue that plaintiff failed to present substantial and specific evidence establishing a causal

connection between his complaints and the alleged adverse actions.

"Very little" direct evidence is required to raise an issue of material fact and survive

summary judgment.  *Coghlan v. Am. Seafoods Co.,* 413 F.3d 1090, 1095 (9th Cir. 2005).

In concluding that plaintiff met his burden of establishing a *prima facie* case of

retaliation, the Findings and Recommendation relied on the direct evidence that Harper

threatened to make plaintiff's life complicated and uncomfortable and to greatly diminish

plaintiff's career opportunities if plaintiff pursued his complaints.  Findings and

Recommendation at 15-16.  As noted by the Findings and Recommendation, shortly after these

threats, the adverse employment actions commenced.  *Id*. at 16.

This court finds the Findings and Recomendation's analysis to be sound and concurs that

plaintiff met his burden in establishing a *prima facie* case for retaliation.  Defendants' objections

are overruled.

As a point of clarification, this court notes that plaintiff cannot maintain a retaliation

claim under 42 U.S.C. § 1983 based upon an alleged Equal Protection violation.  Although the

Ninth Circuit has not addressed this issue directly, it has noted in dicta that if a plaintiff's claims under Title VII were viable, that plaintiff "probably could not have pursued Section 1983 claims based on the same discriminatory and retaliatory acts." *Learned v. City of Bellevue*, 860 F.2d 928, 933 (9th Cir. 1988).

Many other circuits have drawn similar conclusions more directly. *Pagan v. Calderon*, 448 F.3d 16, 36 (1st Cir. 2006) (a plaintiff challenging a discretionary decision to deny a benefit claims and seeking redress based on allegations of unconstitutional political discrimination or retaliation cannot rely on the Equal Protection Clause but must bring a claim under the First Amendment); *Maldonado v. City of Altus*, 433 F.3d 1294, 1308 (10th Cir. 2006) (citations omitted) (to the extent the plaintiffs raise a retaliation claim under 42 U.S.C. § 1983 asserting violations of Equal Protection, the Tenth Circuit has long held that such a theory of liability for retaliatory conduct falls outside of § 1983); *Boyd v. Ill. State Police*, 384 F.3d 888, 898 (7th Cir. 2004) ("the right to be free from retaliation may be vindicated under the First Amendment or Title VII, but not the Equal Protection Clause"); *Rosenfeld v. Egy*, 346 F.3d 11, 15 (1st Cir. 2003) (rejecting Equal Protection claim premised on allegations of retaliatory refusal to grant a license because the claim substantially overlapped with the plaintiff's First Amendment claim); *Bernheim v. Litt*, 79 F.3d 318, 323 (2nd Cir. 1996) ("we know of no court that has recognized a claim under the Equal Protection Clause for retaliation following complaints of racial discrimination"); *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1205 (6th Cir. 1984) (the defendants' "only wrongful act was their retaliation for the plaintiff's actions, a violation of Title VII. We conclude that Congress did not intend this violation to be the basis of a § 1983 claim").

Based upon the reasoning provided in these decisions, this court concludes that plaintiff is precluded from bringing a retaliation claim under 42 U.S.C. § 1983 based on alleged violations of his Equal Protection rights. Plaintiff's retaliation claims under Title VII, § 1981, and Oregon law remain.

As to plaintiff's retaliation claims against the individual defendants, this court concurs with the Findings and Recommendation that plaintiff failed to demonstrate a *prima facie* case of retaliation by defendants Wallace and Simpson but met his burden of demonstrating retaliation by Harper.

Plaintiff's Objections

1. Racial Discrimination

Plaintiff objects to the Findings and Recommendation's conclusion that no issue of material fact exists in regards to plaintiff's claim of racial discrimination.

The Findings and Recommendation found that there was direct evidence that Wallace made a number of racist comments to plaintiff and that Harper threatened to retaliate against plaintiff if he continued to complain. Findings and Recommendation at 10. However, the Findings and Recommendation concluded that a *prima facie* case of discrimination was not presented in light of the length of time that passed from the cessation of the racist comments until the constructive discharge, the fact that Wallace was not a decision maker with regards to plaintiff, and the nature of the retaliatory acts. Findings and Recommendation at 10.

The Findings and Recommendation then analyzed whether plaintiff established a *prima facie* case of discrimination based on circumstantial evidence. *Id*. at 10. The Findings and Recommendation found that plaintiff was subject to adverse employment actions, but that "the

court is not convinced that any of these acts occurred solely because of plaintiff's race." *Id*. at

11.  The Findings and Recommendation concluded that the adverse employment actions were

not based on plaintiff's race, but rather on plaintiff's complaints of racial harassment. *Id.* at 12.

Plaintiff argues that the Findings and Recommendation erred in considering the direct

and circumstantial evidence separately in deciding whether plaintiff established a *prima facie*

case of discrimination based on race.  This argument is well-taken.

A *prima facie* case can be demonstrated from circumstantial or direct evidence, and the

amount evidence that must be produced is very little.  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885,

889 (9th Cir. 1994).  In determining whether sufficient evidence has been produced to survive

summary judgment, circumstantial and direct evidence should be treated alike.  *See Desert*

*Palace v. Costa*, 539 U.S. 90, 100 (2003); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d

1018, 1030 (9th Cir. 2006).  As noted in the Findings and Recommendation, plaintiff has

produced ample evidence that he was subjected to racial discrimination.  Findings and

Recommendation at 10.

Plaintiff also objects to the Findings and Recommendation's conclusion that a *prima facie*

case was not established because plaintiff failed to prove that the adverse employment actions

occurred "solely" because of racial discrimination.  *Id*. at 11.

Title VII provides that an unlawful employment practice is established when

discrimination is "a motivating factor" for any employment practice.  42 U.S.C. § 2000e-2(m).  It

also states that is an unlawful employment practice to take an adverse employment action

"because of" race, color, religion, sex, or national origin.  § 2000e-2(a).  There is no requirement

that a plaintiff must demonstrate that discrimination is the sole motivation for an adverse

employment action.  Accordingly, this court concludes that the Findings and Recommendations erred in requiring plaintiff to demonstrate that the adverse employment actions occurred solely because of discrimination.

Moreover, the Findings and Recommendation opined that "the court is not convinced that any of these acts occurred solely because of Plaintiff's race," indicating a weighing of the evidence and determination of motivation.  Findings and Recommendation at 11.  Such evaluations are generally the province of the jury and not a court at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986).  Summary judgment is particularly inappropriate in discrimination cases where intent is involved, because such cases turn on the "elusive factual question of intentional discrimination."  *Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir. 1985) (quotation and citation omitted); *see also Pullman-Standard v. Swint*, 456 U.S. 273, 288 (1982) ("Treating issues of intent as factual matters for the trial court is commonplace.").

The Findings and Recommendation also concluded that plaintiff failed to establish his race discrimination claims based on the existence of a hostile work environment.  Findings and Recommendation at 14.  To prevail on his hostile work environment claim, plaintiff must show that (1) he was subjected to verbal or physical conduct of a racial nature, (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive as to alter the conditions of his employment and create an abusive environment.  *Gergory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (citations omitted).  "The more outrageous the conduct, the less frequent must it occur to make a workplace hostile."  *Id.* (citation omitted).

The Findings and Recommendation found, and this court concurs, that plaintiff established he was subjected to such conduct and that the conduct would have been considered abusive and hostile to a reasonable Hispanic. Findings and Recommendation at 13. However, the Findings and Recommendation also concluded that plaintiff failed to establish that the behavior was unwelcome to him personally. *Id*. at 13. The Findings and Recommendation relied on the fact that plaintiff had used similar racist terms in reference to his Hispanic heritage and that he waited until May 2003, four years after he was hired, to complain about the conduct. *Id*. at 13-14. Accordingly, the Findings and Recommendation concluded that plaintiff failed to establish a *prima facie* case for a hostile work environment because he failed to show unwelcomeness.

Plaintiff objects to the conclusion in the Findings and Recommendation that plaintiff failed to demonstrate the conduct was unwelcome to him personally. This objection is well-taken. Evidence that an employee has complained about the behavior indicates that the employee finds the behavior to be unwelcome. *Nichols v. Azteca Restaurant Enter's., Inc.*, 256 F.3d 864, 873-74 (9th Cir. 2001).

Plaintiff was offended by the comments when they first began upon his hire in May 1999. He advised Wallace of this fact, but because Wallace was his training officer and he was a probationary employee who could be terminated for no reason, he refrained from filing an official complaint. Deposition of Raymond Sizemore (Sizemore Deposition) at 120-121. Plaintiff complained about Wallace's behavior to Sergeant Jim Rodriguez approximately ten times, both before and after Wallace's promotion in April 2003. Deposition of Jim Rodriguez at 27.

8  -  OPINION AND ORDER

In May 2003 plaintiff complained to Wallace's supervisor, Simpson, about Wallace's derogatory comments. Sizemore Deposition at 132-33. Simpson failed to take any action against Wallace and responded to plaintiff that the he viewed the matter as a personality conflict. *Id*. at 136. Plaintiff continued to complain to Simpson.

In September 2003 plaintiff informed Wallace he objected to the racist comments. Wallace apologized, and the comments significantly decreased. The comments did not cease altogether, however, and after one comment in December 2003 plaintiff complained to Chief Harper. He expressed frustration at how long the situation had been going on and the lack of response by Simpson. Sizemore Deposition at 157-158. Harper responded with a threat that any official complaint would result in plaintiff's life becoming complicated and uncomfortable, and that his days as a police officer would be numbered. *Id*. at 159.

In January 2004 plaintiff again complained to Simpson and Harper, and informed Harper that he had hired an attorney. In February 2004 plaintiff filed a complaint with the Bureau of Labor and Industries.

This evidence shows that plaintiff repeatedly complained about Wallace's conduct. These repeated complaints are more than sufficient to meet plaintiff's burden of showing "very little" evidence to survive summary judgment. *See Wallis*, 26 F.3d at 889.

The fact that plaintiff engaged in activities similar to the alleged conduct does not compel a determination that he did not consider that conduct unwelcome. An employee is entitled to draw a distinction between objectionable and unobjectionable conduct. *Nichols*, 256 F.3d at 873. Moreover, "the question whether particular conduct was indeed unwelcome presents difficult problems of proof and turns largely on credibility determinations committed to the trier

of fact . . . ." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 68 (1986).  Plaintiff asserts that the delay in complaining about Wallace's conduct to anyone other than Rodriguez was because he was afraid of losing his job.  The threatening response by Harper when plaintiff did make an official complaint indicates that plaintiff's fears were well-founded.  However, it is for the jury to make such a determination.

Plaintiff also objects to the Findings and Recommendation's conclusion that plaintiff's hostile work environment fails because defendants took appropriate remedial action.  Findings and Recommendation at 14.  This conclusion is in tension with the Findings and Recommendation's later conclusion that the City and Harper did not respond appropriately, but instead retaliated.  *Id*. at 15-16.  This court agrees with the Findings and Recommendation's conclusion that plaintiff produced sufficient evidence that Harper and the City retaliated and, therefore, defendants cannot be deemed to have taken appropriate remedial action.

2.  First Amendment Retaliation

Plaintiff also objects to the finding that his complaints about discrimination were a personal employment grievance and do not qualify as protected speech.  Findings and Recommendation at 18.

Courts undertake a three-part inquiry when a public employee alleges unlawful discrimination against a governmental entity for violations of free speech.  This inquiry asks whether:  (1) the speech at issue was constitutionally protected; (2) the speech was a motivating factor in the discriminatory actions; and (3) the governmental entity would have taken the same action even in the absence of the protected speech.  *See Bd. of County Comm'rs Wabaunsee Co., Kan. v. Umbehr*, 518 U.S. 668, 675 (1996).  To prove that speech is constitutionally protected, a

plaintiff must show that the speech involved a matter of public concern and that the plaintiff's

interest in the speech outweighed the defendant's interest in avoiding workplace disruption.

*Waters v. Churchill*, 511 U.S. 661, 668 (1994).  The threshold inquiry is whether a public

employee's statements substantially address a matter of political, social, or other community

concern.  *Roe v. City & County of San Francisco*, 109 F.3d 578, 584 (9th Cir. 1997).  If not, the

First Amendment is not triggered and all other inquiries are irrelevant.

Speech is not of public concern when it deals solely with individual personnel disputes

and is irrelevant to the public's evaluation of the governmental agency's actions.  *McKinley v.*

*City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983).  However, if the speech concerns information

that society should know about to make informed decisions about the operations of the

government, that speech merits the highest degree of constitutional protection.  *Coszalter v. City*

*of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (citation omitted).  "It is only when it is clear that. . .

the information would be of *no* relevance to the public's evaluation of the performance of

governmental agencies that speech of government employees receives no protection under the

First Amendment."  *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 978 (9th Cir.

2002) (emphasis in original) (internal quotation and citation omitted).

The Ninth Circuit has determined that a "run-of-the-mine single-plaintiff discrimination

case" may meet the public concern test.  *Alpha Energy*, 381 F.3d 917, 926 (9th Cir. 2004).

Unfair discrimination and unfair treatment of job applicants are matters of public concern.

*Rendish v. City of Tacoma*, 123 F.3d 1216, 1224 (9th Cir. 1997).  When government employees

speak about corruption, wrongdoing, misconduct, wastefulness, or inefficiency by other

government employees, including speech about invidious discrimination, whether it is a single

act or a pattern of conduct, that speech is inherently a matter of public concern. *Alpha Energy Savers Inc. v. Hansen*, 381 F.3d at 926.   "Disputes over racial, religious, or other such discrimination by public officials are not simply individual personnel matters.  They involve the type of governmental conduct that affects the societal interest as a whole – conduct in which the public has a deep and abiding interest." *Id.* at 926-27.  Accordingly, plaintiff's speech regarding the racial discrimination of public officials is a matter of public concern. *Id.*; *see also Rendish*, 123 F.3d at 1224.  This court cannot say as a matter of law that plaintiff's speech regarding the acts of racial discrimination of supervisory employees in the Police Department is of *no* relevance to the public's evaluation of the Police Department. *Ulrich*, 308 F.3d at 978.

Moreover, the critical question in the analysis of a governmental employee's claim of First Amendment retaliation is identifying the motive for the speech – whether the point of the speech was to bring wrongdoing to light, to raise issues of public concern, or solely to further a purely private interest. *Roth v. Veteran's Admin. of the U.S.*, 856 F.2d 1401, 1406 (9th Cir. 1988) (quotation and citations omitted).  Plaintiff argues that his speech did not reflect a disagreement with a particular personnel decision affecting only him, but was a protest against ongoing unlawful racial harassment and discrimination and the fact that a public agency was allowing a superior officer to engage in such unlawful behavior.  Accordingly, plaintiff argues, the complaints were not solely on his behalf or solely related to his own interests.  In light of the evidence in the record, this court cannot determine, as a matter of law, that plaintiff's purpose in his speech was solely to further a purely private interest. *Roth*, 856 F.2d at 1406.  That is a question of fact more appropriately decided by a jury.

Regarding plaintiff's First Amendment retaliation claims against the individual defendants, plaintiff failed to demonstrate a *prima facie* case of retaliation by defendants Wallace and Simpson. However, as noted above, plaintiff met his burden of demonstrating retaliation by Harper.

3. Wrongful Discharge

Plaintiff objects to the Findings and Recommendation's conclusion that he was not constructively discharged. Findings and Recommendation at 22. After a *de novo* review of the record, the Findings and Recommendation, and the objections, this court finds the analysis of the magistrate on this issue to be sound. Plaintiff's objections in this regard are overruled.

4. Intentional Infliction of Emotional Distress

The Findings and Recommendation concluded that plaintiff "failed to present facts to support his claim that Wallace, Simpson, or Harper subjected plaintiff to conduct that exceeded 'all possible bounds of decency' or could be characterized as 'atrocious.'" Findings and Recommendation at 23. Plaintiff objects to this conclusion as invading the province of the jury.

After a *de novo* review, this court concurs with the analysis of the Findings and Recommendation and concludes that plaintiff failed to present an issue of material fact with regard to his claim for intentional infliction of emotional distress.

**<u>CONCLUSION</u>**

For the foregoing reasons, defendant's objections are DENIED and plaintiff's objections are SUSTAINED IN PART, and DENIED IN PART.

Pursuant to plaintiff's concession, the Department is granted summary judgment on all claims and shall be dismissed from this action. The Motion for Summary Judgment [55] filed by

the City, Harper, and Simpson is GRANTED as to plaintiff's claims for (1) wrongful discharge;
(2) intentional infliction of emotional distress; (3) punitive damages against Simpson; (4)
retaliation under § 1983 based on Equal Protection violations against all defendants; and (5)
retaliation based on violations of the First Amendment and § 1981 against Simpson.  This
Motion is DENIED as to plaintiff's claims for (1) racial harassment and discrimination under §
1981, § 1983, Title VII, and Oregon law; (2) retaliation for violations of the First Amendment
and § 1981 against Harper; (3) punitive damages against Harper; and (4) retaliation for violations
of the First Amendment, § 1981, Title VII, and Oregon law against the City.

 The Motion for Summary Judgment [30] filed by Defendant Wallace is GRANTED as to
plaintiff's claim for (1) intentional infliction of emotional distress; (2) punitive damages; and (3)
retaliation for violations of the First Amendment, § 1981, and § 1983 Equal Protection.  This
Motion is DENIED as to plaintiff's claim for racial discrimination and harassment under § 1983
and § 1981.

 IT IS SO ORDERED.

 Dated this  16   day of August, 2006.


              /s/ Ancer L.Haggerty

_____

               ANCER L. HAGGERTY
              United States District Judge